UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5678 PSG (MRWx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | Katie M. Walker v. Wells Fargo Bank, NA, *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order REMANDING the case to state court for lack of subject matter jurisdiction

Plaintiff Katie M. Walker originally filed this case in the Superior Court for the County of Los Angeles. Dkt. #1, Ex. A. Plaintiff alleged that Defendants Wells Fargo Bank, NA ("Wells Fargo") and NDEX West, LLC initiated foreclosure proceedings in violation of the California Homeowner's Bill of Rights ("HBOR") and California Business and Professions Code § 17200, *et seq. Id.* Wells Fargo subsequently removed the case to this Court on the basis of diversity jurisdiction. Dkt. #1. Because the Court finds that it lacks subject matter jurisdiction, it *sua sponte* REMANDS the case to state court. *See Lawson v. Wolfe*, No. 3:13-CV-2248-GPC-DHB, 2013 WL 5418089, at *2 (S.D. Cal. Sept. 26, 2013); *Golden Imperial Inv., Inc. v. Ferri*, No. CV 12-11043 MMM FFMX, 2013 WL 548906, at *1 (C.D. Cal. Feb. 12, 2013).

Diversity jurisdiction is only proper if the amount in controversy is over $75,000. *See* 28 U.S.C. § 1332(a). When, as here, a complaint does not state the amount in controversy, the defendant must establish the amount in controversy by preponderance of the evidence. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996). Wells Fargo's Notice of Removal ("NOR") states that the amount-in-controversy requirement is satisfied because "[s]hould Plaintiff prevail in this action, she would enjoin Wells Fargo from taking any action under its secured interest in the Property – placing the entire $399,000.00 loan at risk," and "Plaintiff . . . seeks general and special damages, disgorgement of all monies acquired, interest on the sum at the rate of 10% per annum and punitive damages." *NOR* 6–8.

Courts have repeatedly found that the amount in controversy cannot be established by the price of the loan or the value of the property when a plaintiff merely seeks to temporarily enjoin foreclosure. *See, e.g.*, *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *3–4 (C.D. Cal. May 7, 2015); *Olmos v. Residential Credit Sols., Inc.*, No. SACV 14-1202 AG MRWX, 2015 WL 1240347, at *2 (C.D. Cal. Mar. 17, 2015); *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5678 PSG (MRWx) | Date | September 22, 2015 |
|---|---|---|---|
| Title | Katie M. Walker v. Wells Fargo Bank, NA, *et al.* | | |

2015). Wells Fargo states that "Plaintiff seeks an order '*permanently*' enjoining Defendants from proceeding with foreclosure. (Comp. ¶¶44, 50, 55; Prayer ¶¶2, 3)." *NOR* 7 (emphasis added). A quick look at Plaintiff's complaint shows that this is blatantly incorrect. The first three complaint citations merely request temporary injunctions until Defendant complies with HBOR. *See, e.g.*, *Compl.* ¶44 ("Plaintiff seeks an order enjoining Defendants from proceeding with foreclosure unless and until Defendants have corrected and remedied their violations of Civil Code §2923.6."). The first citation to the Prayer merely reiterates the injunctive relief sought previously. *Compl.* Prayer ¶2. The second citation to the Prayer does use the phrase "permanently enjoin," but only from foreclosing on the property based on an "unlawfully procured debt." *Compl.* Prayer ¶3. In other words, Plaintiff merely asks the Court to enjoin foreclosure until Defendants comply with the law. Nowhere in the Complaint does Plaintiff ask the Court to permanently bar foreclosure under *all* circumstances. *Cf. Rose v. J.P. Morgan Chase*, N.A., No. CIV. 2:12-225 WBS, 2012 WL 892282, at *2 (E.D. Cal. Mar. 14, 2012) ("One of the remedies requested by plaintiff is a permanent injunction barring Chase from initiating or completing any foreclosure proceedings related to the Mario Avenue property.").

Because Plaintiff does not seek a permanent injunction against foreclosure, the question is whether the pecuniary results of granting a temporary injunction would exceed the statutory minimum. *See Jauregui*, 2015 WL 2154148, at *4; *Olmos*, 2015 WL 1240347, at *2. General statements about damages are insufficient. *See Jauregui*, 2015 WL 2154148, at *4. The Court finds that Wells Fargo has not shown that the pecuniary results would satisfy the amount in controversy by preponderance of the evidence.

Although a few courts have found that the value of the loan satisfies the amount-in-controversy requirement under similar factual circumstances, *see, e.g.*, *Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 WL 761081, at *3–4 (N.D. Cal. Mar. 2, 2010); *Reyes v. Wells Fargo Bank, NA*, No. C-10-01667JCS, 2010 WL 2629785, at *4–6 (N.D. Cal. June 29, 2010), these decisions are not binding on this Court, and are in any event unpersuasive. The only binding authority cited by Wells Fargo is distinguishable. *See Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (plaintiffs sought to quiet title).

Wells Fargo offers no other basis for federal jurisdiction. The Court therefore REMANDS the case to the Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**